IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


-------------------------------------------------   :
JAMES H. ROBINSON,                                :   CASE NO.  5:07 CV 02092
                                                  :                5:01 CR 00259
                                   Petitioner,    :
                                                  :   MEMORANDUM OF OPINION AND
                      -vs-                         :   ORDER DENYING PETITIONER
                                                  :   RELIEF UNDER 28 U.S.C. § 2255.
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
                                   Respondent.    :
-------------------------------------------------   :


UNITED STATES DISTRICT JUDGE LESLEY WELLS


        Petitioner James Howard Robinson ("Mr. Robinson") seeks to vacate or correct

his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 99: 1 CR 259).  In his three-

paragraph pleading, Mr. Robinson maintains, through counsel, that his "sentence was

imposed in violation of the Constitution or laws of the United States and is subject to

collateral attack, including a claim of ineffective assistance of counsel."  Id.  The

government responded to Mr. Robinson's petition by arguing that it was both untimely

and insufficient.  (Doc. 104).  Mr. Robinson's counsel filed a reply in which he argued,

as Mr. Robinson did on direct appeal that, the Petitioner's sentence should not have

contained a career offender enhancement and his counsel was ineffective for failing to

seek a downward departure from the Court under U.S.S.G. § 4A1.3.  (Doc. 107).  For

the reasons set forth below, Mr. Robinson's petition for relief under 28 U.S.C. §  2255

will be denied.

**I. Background**

On 13 June 2001, Mr. Robinson was named in all counts of a three-count Indictment, along with two co-defendants, for conspiracy to distribute more than 50 grams of cocaine base and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846.  (Doc. 9).  On 14 November 2001, the government filed an Information, pursuant to 21 U.S.C. § 851, notifying Mr. Robinson of its intent to seek an enhanced statutory sentence, under 21 U.S.C. § 841(b)(1)(C), predicated on the Petitioner's prior felony drug trafficking conviction in Ohio Case No. 92-07-1634, and Federal Case No. 5: 95 CR 00142-016.[1]  (Doc. 42).  On 15 November 2001, Mr. Robinson pleaded guilty to conspiracy to distribute cocaine base as charged in Count One of the Indictment.  (Docs. 45, 46).

Prior to his sentencing hearing, Mr. Robinson's counsel filed several motions on his client's behalf, including: brief in objection to Pre-sentence Report concerning drug type (Doc. 54); request for appointment of an expert (Doc. 59); motion for an order of transfer of drugs (Doc. 61); brief in objection to classification as a career offender (Doc. 63); and, sentencing memorandum (Doc. 67).  On 20 December 2002, pursuant to a hearing, Mr. Robinson was sentenced to a term of 210 months in the Bureau of Prisons, a five year term of supervised release, and a special assessment of $100.00.  On 23

---

[1]In Ohio Case No. 92-07-1634, Mr. Robinson was convicted on 3 September 1992 of Aggravated Trafficking in Drugs in the Summit County Court of Common Pleas. In Mr. Robinson's first federal offense he was convicted of conspiracy to distribute and possess with intent to distribute cocaine on 6 February 1996 before Judge John Manos. Mr. Robinson's  received an enhancement for prior drug convictions and was sentenced to 51 months imprisonment with 8 years supervised release.  Mr. Robinson was released on 16 November 1999 and admitted to returning to selling crack cocaine in August 2000.  (PSR ¶ 51).  Mr. Robinson was on supervised release in his first federal conviction at the time of the instant offense.

December 2002 the Court adopted the Pre-sentence Investigation Report's ("PSR")

conclusion that Mr. Robinson should be sentenced in accordance with his status as a

career offender.  (Doc. 70).

Before the Sixth Circuit Court of Appeals Mr. Robinson timely filed an appeal of

his plea, his sentence, his status as a career offender, and forwarded a claim of

ineffective assistance of counsel.  (Doc. 73).  The Sixth Circuit denied the Petitioner's

appeal on 28 March 2005 in Goodrum v. United States, 126 Fed. Appx. 713, 2005 WL

705772 (6th Cir. 2005).  (Docs. 95, 96).  On 3 October 2005, the United States Supreme

Court denied Mr. Robinson's petition for a writ of certiorari.  (Doc. 98).  On 6 October

2006, Mr. Robinson filed the instant § 2255 motion through counsel, alleging in toto that

the Petitioner's "sentence was imposed in violation of the Constitution or laws of the

United States and is subject to collateral attack, including a claim of ineffective

assistance of counsel."  (Doc. 99).

Pursuant to his written Plea Agreement, Mr. Robinson pled guilty to conspiracy to

possess with intent to distribute at least 50 grams of cocaine base with a Base Offense

Level of 32.  (Doc. 46).  Mr. Robinson stipulated in his Plea Agreement to having been

previously convicted of a felony drug offense as alleged in the government's Information

and the Petitioner waived any challenge to the prior conviction and sentencing

enhancement under the provisions of 21 U.S.C. § 841(b).  Pursuant to the Plea

Agreement, the parties agreed to a Base Offense Level of 32.  The parties also agreed

that the Petitioner was subject to the Career Offender adjustment, pursuant to U.S.S.G.

3

§ 4B1.1.[2]   Pursuant to the Sentencing Guideline enhancements in Chapter Four, Mr.

Robinson's adjusted offense level was 37.  (PSR ¶ 31).  The Court applied a three-level

departure for acceptance of responsibility and a two-level departure for "substantial

assistance" to the government.  Mr. Robinson's resulting Total Offense Level was 32.

Pursuant to § 4B1.1 the Petitioner's Criminal History Category is VI, which placed him in

the Sentencing Guideline range of 210 to 262 months.  The Court sentenced Mr.

Robinson to a period of 210 months imprisonment with the Bureau of Prisons to be

followed by five years of supervised release.  (Doc. 68, 71).


## II.  Law and Argument

Section 2255 permits a prisoner in custody under sentence of a federal court to

move the court that imposed the sentence to vacate, correct, or set aside that sentence,

on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack.

---

[2]Under the United States Sentencing Guidelines § 4B1.1, a defendant is a career offender if he is (1) at least eighteen years old at the time of the offense, (2) the instant offense is a felony conviction that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  The Guidelines define "controlled substance offense" as:
> an offense under federal or state law, punishable by imprisonment for a
> term exceeding one year, that prohibits the manufacture, import, export,
> distribution, or dispensing of a controlled substance ... or the possession
> of a controlled substance with intent to manufacture, import, export,
> distribute, or dispense.

4

28 U.S.C. § 2255.  The movant has the burden of establishing any claim asserted in the petition.  See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993);  Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

### A.  Timeliness and Equitable Tolling

As an initial matter, the Court addresses the timeliness of Mr. Robinson's petition for relief.  The timeliness of the Petitioner's motion is governed by paragraph 6 of 28 U.S.C. § 2255, which provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

5

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001) (citations omitted).  Except in circumstances that are not presented here, a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final."  Mr. Robinson's conviction became final no later than 3 October 2005, the date the United States Supreme Court denied his petition for a writ of certiorari.  (Doc. 98).  His § 2255 motion, filed by counsel on Friday, 6 October 2006, exceeded the limitations period by three days.  Accordingly, Mr. Robinson's counsel's "bare-bones" filing was untimely.

Mr. Robinson's counsel, nevertheless, urges the application of equitable tolling to the limitations period upon the grounds of the Petitioner's "lack of notice or constructive knowledge of the filing requirement and the absence of prejudice to the Government." (Doc. 107, p. 2).

This Circuit recognizes that the statute of limitations in § 2255 petitions is subject to equitable tolling.  Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling is, however, used "sparingly"-typically "only when a litigant's

6

failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

Courts in this Circuit consider five factors when deciding whether to apply the doctrine of equitable tolling in a § 2255 case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.  "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling."  McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

Upon consideration of the Dunlap factors, the Court concludes that Mr. Robinson has failed to carry his burden.  The Petitioner's lack of knowledge of the filing requirement is not an element beyond his control, especially in this instance where Mr. Robinson was represented by counsel, and counsel's 6 October 2006 § 2255 filing represented merely a three-paragraph "bare-bones" effort.  (Doc. 99).  Mr. Robinson could not reasonably have remained ignorant of the filing requirement for collateral review after having counsel pursue his direct appeal to the United States Supreme Court.  The record does not indicate that he acted diligently to pursue his rights.  (Doc. 107).  See Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006); Del Bosque v. United States, 169 Fed. Appx. 934 (6th Cir. 2006).

While it is clear that the government was not prejudiced much by Mr. Robinson's late filing, the absence of prejudice toward the Respondent does not stand as an independent basis upon which to apply the doctrine of equitable tolling.  This Circuit has

7

recognized that considerations of the absence of prejudice should not be considered unless other factors support application of the doctrine.  See Dunlap, 250 F.3d at 1009; Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988).  As the Court finds no other factors in support it will not apply the doctrine of equitable tolling, finding Mr. Robinson's § 2255 filing untimely.


### B.     Sufficiency of the Pleading

Even if the Court found Mr. Robinson's counsel's 6 October 2006 filing timely it, nevertheless, failed to meet habeas notice requirements.  In a § 2255 proceeding, the burden is on Mr. Robinson to prove he is entitled to relief.  Owen v. United States, 660 F.2d 696, 702 (6th Cir. 1981).  A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations.  Short v. United States, 504 F.2d 63 (6th Cir. 1974).  Mr. Robinson's 6 October 2006 filing consisted of three paragraphs alleging merely that his "sentence was imposed in violation of the Constitution or laws of the United States and is subject to collateral attack, including a claim of ineffective assistance of counsel."  (Doc. 99).  Mr. Robinson's counsel did not seek to augment that "bare-bones" filing until nearly a year later, on 13 September 2007, when he submitted a brief, styled as a motion in opposition to the government's responsive brief.  (Doc. 107).

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2255 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  Habeas Rule 2(c).

8

Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a § 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Habeas Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3rd Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3rd Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court).

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 ... (1957). Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important....");  Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted))....
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

9

Mayle v. Felix, 545 U.S. 644, 655 (2005).

Mr. Robinson's 6 October 2006 Petition failed to provide any factual support for his claims in violation of Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Court.  Therefore, the Court concludes that, devoid of any factual support, Petitioner's untimely allegations were, also, insufficient to support a request for relief under § 2255.  See Oliver v. United States, 961 F.2d 1339, 1343 n. 5 (7th Cir.1992) (finding that a § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error); see also Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); United States v. Aiello, 814 F.2d 109, 113-14 (2nd Cir.1987) (holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements."); United States v. Unger, 635 F.2d 688, 691 (8th Cir.1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.").

### C.    Claims Already Litigated

Even if the Court considered Mr. Robinson's § 2255 Petition a timely and sufficient pleading, the Court is, nevertheless, precluded from considering arguments already litigated before the Sixth Circuit Court of Appeals.  In Goodrum v. United States, 126 Fed.Appx. 713, 2005 WL 705772 (6th Cir. 2005), a panel of the Circuit Court considered, and explicitly rejected, the argument forwarded by Mr. Robinson, in his § 2255 petition, that the District Court improperly applied to his sentence a career

10

offender status under U.S.S.G. § 4B1.1.  Mr. Robinson, here, asserts the same

argument he does on direct appeal, see Goodrum, 126 Fed. Appx. 715-18, which the

Circuit Court declared barred by the Petitioner's valid waiver of appellate rights.

The Sixth Circuit decision plainly bars this Court from reconsidering the

argument.  See Jones v. United States, 178 F.3d at 790, 796 (6th Cir. 1999) ("It is well

settled that a § 2255 motion may not be employed to relitigate an issue that was raised

and considered on direct appeal absent highly exceptional circumstances, such as an

intervening change in the law.").  In this case, Mr. Robinson alleges no "highly

exceptional circumstances" that would justify relitigation.  See id.  Instead, Mr. Robinson

merely reasserts the same argument which the appellate court rejected on grounds of

waiver.

The Court concludes that Mr. Robinson's sentencing and plea claims, raised and

disposed of in his direct appeal, are precluded from reconsideration in this § 2255

proceeding.  See Davis v. United States, 417 U.S. 333 (1974).  Further, Mr. Robinson

has established no extraordinary circumstance that would justify reconsideration of his

sentencing or plea claims.  See Schlup v. Delo, 513 U.S. 298 (1995). Therefore, Mr.

Robinson's sentencing and plea claims are procedurally barred.

Finally, in Goodrum, 126 Fed. Appx. at 717, the Circuit Court found that because

Mr. Robinson's plea agreement constituted a valid waiver of his appellate rights the

Court "need not address" the Petitioner's claim regarding alleged ineffective assistance

of counsel.  In Goodrum, the Circuit Court of Appeals found:

> At Robinson's plea hearing, the district court extensively and carefully
> reviewed with Robinson the rights he was waiving and the maximum
> penalty he faced under the applicable statute, including the length of
> imprisonment. J.A. at 158-59. After the district court informed Robinson of
> his rights and the potential penalties, Robinson expressly acknowledged

> his guilt. Thus, the record reflects that Robinson understood the rights that he was waiving, and that he understood the potential penalties associated with his crime. Specifically, the plea agreement expressly contemplated the likelihood of Robinson being sentenced as a career offender and, at the guilty plea hearing, the district court explained to Robinson that he needed to weigh the sentencing range of 210 to 262 months against all of the counts upon which he had been indicted and the fact that some of them carry possible life sentences due to his prior drug convictions. Robinson acknowledged that he understood his plea agreement and understood that he was waiving his right to appeal and to collaterally attack his sentence under 28 U.S.C. § 2255 . Therefore, Robinson knowingly, intelligently, and voluntarily waived his right to appeal.

Goodrum, 126 Fed. Appx. at 717.  Although Mr. Robinson's § 2255 petition is neither timely nor sufficient, the Court will, nevertheless, address the merits of his ineffective assistance of counsel claim.


**D.    Ineffective Assistance of Counsel**

Mr. Robinson continues to pursue his ineffective assistance of counsel claim, now embodied in his § 2255 petition for relief. (Docs. 99, 107).  The Petitioner did not waive his right to raise ineffective assistance of counsel in a Section 2255 motion.

Criminal defendants are entitled to the assistance of counsel for their defense pursuant to the Sixth Amendment of the U.S. Constitution. U.S. Const. amend. VI;  see also, Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003).  A right that is derivative of the right to counsel is the right to have effective assistance of counsel.  Moss, 323 F.3d at 454; see also, Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  The "benchmark of effectiveness 'must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (quoting Strickland, 466 U.S. at 686).

12

In Hofbauer the Sixth Circuit explained the two-part test for ineffective assistance of counsel as described in Strickland:

> First a defendant must show that counsel's performance was 'deficient,' involving 'errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'.... Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were prejudicial to the defense. To make this showing, the defendant must demonstrate that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'

Hofbauer, 228 F.3d at 702 (quotations omitted).

Within the context of a guilty plea, the Sixth Circuit has recently noted:

> In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," or by showing that he or she was not competent to plead guilty. A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him."

Stewart v. Morgan, 2007 WL 1451974 *4 (6th Cir.2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985); Dusky v. United States, 362 U.S. 402, 402 (1960) and citing Jermyn v. Horn, 266 F.3d 257, 283 (3rd Cir.2001); Eddmonds v. Peters, 93 F.3d 1307, 1317 (7th Cir.1996)).

The record indicates that Mr. Robinson represented to the court that he was competent to enter a plea of guilty and that he entered the plea knowingly and voluntarily.  (Doc. 84).  Such representations of competency "constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court

13

carry a strong presumption of verity." <u>Lasiter v. Thomas</u>, 89 F.3d 699, 702 (10th Cir.1996).

Mr. Robinson has failed to show that, but for his counsels' errors, there is a reasonable probability he would have gone to trial.  The record contains no evidence that Mr. Robinson, prior to his change of plea hearing, sought to challenge the government's evidence or his counsel's advice.  Instead, the record shows that Mr. Robinson sought only to reduce his sentence and challenge his counsel's effectiveness after the government requested the application of career offender enhancements to the Petitioner's sentence.

Mr. Robinson maintains his counsel's performance was deficient under <u>Strickland</u> when he failed to move the Court to grant a downward departure from the Sentencing Guidelines under U.S.S.G. § 4A1.3.  (Doc. 107 pp. 5-7).  Section 4A1.3, in pertinent part, notes the following:

(b) Downward Departures.--

(1) Standard for Downward Departure.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b)(1).

Nothing in the record indicates a reasonable basis upon which to predicate a motion for downward departure under § 4A1.3.  Mr. Robinson's Criminal History Category VI did not "substantially over-represent[ ] the seriousness of the defendant's criminal history or the likelihood that the defendant [would] commit other crimes."  In this instance, Mr. Robinson received a career offender enhancement as the result of two prior drug convictions: an aggravated drug trafficking conviction in September 1992 in

14

Summit County Court of Common Pleas (Ohio Case No. 92-7-1634); and, a federal

conviction in February 1996 for conspiracy to distribute and possess with intent to

distribute cocaine (Case No. 5:95 CR 00142-016).  Mr. Robinson's first federal

indictment occurred less than two years after his release from state custody for

aggravated drug trafficking.  Moreover, Mr. Robinson's federal indictment in the instant

drug distribution case occurred eighteen months after his release from federal prison for

his first federal drug distribution offense.  (PSR ¶¶ 41-48).

In the instant matter, Mr. Robinson was indicted along with co-conspirators John

Freddie Williams and Wayne Andre Goodrum.  (Doc. 1).  Pursuant to a Plea

Agreement, Mr. Williams was sentenced to 150 months imprisonment with five years

supervisory release.  (Doc. 47, 48).  Also pursuant to a Plea Agreement, Mr. Goodrum

was sentenced to 188 months imprisonment with five years supervisory release.  (Doc.

72).  Mr. Robinson, who admitted to supplying both Mr. Goodrum and Mr. Williams with

the crack cocaine for distribution, was sentenced to 210 months imprisonment with five

years supervisory release.  (Doc. 68, 71).

The record confirms that Mr. Robinson is a career offender under U.S.S.G. §

4B1.1.  Recognizing that Mr. Robinson clearly fits within the ambit of § 4B1.1, the Court

does not find the Petitioner's counsel's assistance ineffective under the standards

articulated in Strickland in not asking for a downward departure at the sentencing

hearing under § 4A1.3.  First, § 4A1.3(b)(1) states that a downward departure *may* be

warranted if reliable information indicated that the defendant's criminal history category

substantially over-represents the seriousness of the defendant's criminal history.  The

Guidelines simply do not mandate such a departure.  United States v. Wallace, 240

Fed. Appx. 91, 95 (6th Cir. 2007).  Second, the examples provided in §4A1.3 are

anathema to the instant matter, as those examples involve defendants facing "minor misdemeanor convictions close to ten years prior" or "a defendant with nine prior 60-day jail sentences for offenses such as petty larceny, prostitution, or possession of gambling slips."  U.S.S.G. § 4A1.3 (2001).

Under the circumstances here, in which the Petitioner possessed two felony convictions for drug trafficking, the Court does not find that Mr. Robinson has established a Strickland deficiency for his, then, counsel's decision not to pursue consideration of a § 4A1.3 departure in open court for his client.  As to the first element of proof in an ineffectiveness claim, Strickland confirms that scrutiny of counsel's performance must be "highly deferential," evaluating conduct from counsel's perspective at the time of the challenged conduct.  Id. at 689.  Mr. Robinson has failed to establish that his counsel's representation was unreasonable under the prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

The record, instead, indicates the Petitioner's counsel objected to the PSR drug type conclusions (Doc. 54), that he sought, and gained, appointment of an expert (Doc. 59), that he filed an extensive memorandum in opposition to the PSR's finding of his client's career offender status (Doc. 63), and that he submitted a sentencing memorandum on behalf of his client (Doc. 67).  Further, Mr. Robinson's counsel sought, and received, a two level downward departure for his clients "substantial assistance" to the government, pursuant to U.S.S.G. § 5K1.1.  That representation moved the Petitioner from a sentencing range of 262-327 months to 210-262 months.  Accordingly, the Petitioner's counsel's failure to seek a downward departure in open court under § 4A1.3 does not fall outside of the prevailing professional norms.

16

In addition, with regard to the second element of the <u>Strickland</u> standard, the Petitioner has not shown that his counsel's performance was so prejudicial as to deprive him of a fair result.  <u>Strickland v. Washington</u>, 466 U.S. at 687.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id</u>. at 694.  In this instance, the Court does not find that Mr. Robinson's "counsel's representation fell below an objective standard of reasonableness."  <u>Id</u>. at 687-88.

Nothing in the language of the sentencing hearing suggests that had the Court been presented with argument by defense counsel regarding a § 4A1.3 departure, the Court would have departed from the mandatory minimum.  Cf. <u>Stinson v. United States</u>, 102 F. Supp.2d 912 (M.D. Tenn. 2000) (finding a reasonable probability that the Court would have granted a § 4A1.3 departure where, at sentencing, the Court expressed its concern that the mandatory minimum "shocks the conscience" and further stated: "The Court has not found any recognized grounds to depart from the guidelines in this case, although it has searched to do so. The Court believes the sentence in this case is not proper. . .").  Mr. Robinson has not established <u>Strickland</u> prejudice because he has not demonstrated that even if his attorney had articulated a request for downward departure under section 4A1.3 at his sentencing hearing, the Court would have granted the downward departure.  Instead, the record indicates that Mr. Robinson agreed to the applicability of § 4B1.1 for his two prior drug trafficking offenses, that he received a "substantial assistance" departure, and that the Court sentenced the Petitioner at the bottom of the available range at 210 months, while his co-defendants, to whom he admitted supplying the crack cocaine for distribution, were sentenced to 188 and 150 months, respectively.

17

Considering the evidence concerning the Petitioner's criminal record, the Court cannot find that he was prejudiced by his counsel's failure to request a downward departure pursuant to § 4A1.3.  Mr. Robinson's criminal history includes convictions for serious offenses, and demonstrates a significant risk of recidivism.  It cannot be said that the result of the proceeding would have been different had counsel made the request for a downward departure, nor does the record demonstrate that the result of the proceeding was fundamentally unfair or unreliable.

### E.    Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Id. at 483-4 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable

18

or wrong."  Id. at 484.  In instances where a claim is procedurally defaulted, a COA

should only issue if "jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling."  Id.

For the reasons set forth above, the Court finds Mr. Robinson has not shown the

Court's decision was "debatable or wrong" within the meaning of Slack.  Accordingly,

the Court declines to issue a certificate of appealability.


### III.  Conclusion

The motion, together with the files and record in this case "conclusively show that

Defendant is entitled to no relief."  28 U .S.C. § 2255; see also Rule 4(b), 28 U.S.C. §

2255 Rules.  Therefore, the Court finds the motion may be resolved without an

evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v.

United States, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Robinson's conviction and sentence

are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.


IT IS SO ORDERED.


  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE


19